Adam C. Weiss (AW-5752)
THE LAW FIRM OF ADAM C. WEISS, PLLC
3 School Street, Suite 303
Glen Cove, New York 11542
(516) 277-2323 (tel)
(516) 759-2556 (fax)
Email: adam@acweisslaw.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

HOLLIE SEHRING,                                    Docket No.:

                Plaintiff,

      -against-                                **COMPLAINT
                                                   AND JURY DEMAND**

AKAM ASSOCIATES, INC., MICHAEL
BERENSON and MICHAEL ROGOFF,

              Defendants.
------------------------------------------------------------X

      Plaintiff, Hollie Sehring, upon personal knowledge as to herself and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff was an employee of the Defendants, a residential property management services company located in New York County, New York.

2. Plaintiff brings this action to recover unpaid overtime pay owed to her pursuant to both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. and the New York Labor Law ("NYLL"), §§ 650 et seq.

3. In addition, plaintiff brings claims for Defendants' failure to provide wage notices and accurate wage statements pursuant to the NYLL and the supporting regulations.

**JURISDICTION AND VENUE**

4.   With respect to the federal claims ascertained herein, the Court's subject matter jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1337 and 1343. This case also has jurisdiction over plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5.   With respect to the state claims ascertained herein, the Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367(a), as the state claims are so related that they form part of the same case or controversy under Article III of the United States Constitution.

6.   Venue is proper in this District pursuant to 28 U.S.C. § 1391, because the acts and/or omissions giving rise to the claims herein alleged took place at defendants' business within this District.

7.   This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

**THE PARTIES**

**Plaintiff:**

8.   Plaintiff Hollie Sehring (hereinafter, "Sehring" or "plaintiff"), has been, at all times relevant, an adult individual residing in Bronx County, New York.

9.   Throughout the relevant time period, plaintiff has performed work for defendants at defendants' premises located at 260 Madison Avenue, 12th Floor, New York, New York 10016.

**Defendants:**

10.  Defendants are AKAM Associates, Inc. (hereinafter, "corporate defendant" or "AKAM"), Michael Merenson and Michael Rogoff (hereinafter, "individual defendants").

11. Upon information and belief, AKAM Associates, Inc. is a New York Corporation with its principal place of business at 260 Madison Avenue, 12th Floor, New York, New York 10016. According to the Department of State, Division of Corporations, State Records and UCC, AKAM became active on January 4, 1993, and continues to remain active.

12. Upon information and belief, at all times relevant herein, defendant Berenson has been the President of AKAM.

13. At all times relevant herein, defendant Berenson has been in charge of determining AKAM's policies with respect to payroll, including the unlawful practices complained of herein, and otherwise running the day-to-day operations of AKAM.

14. Upon information and belief, at all times relevant herein, defendant Rogoff has been the Vice President of AKAM.

15. At all times relevant herein, defendant Rogoff has been in charge of determining AKAM's policies with respect to payroll, including the unlawful practices complained of herein, and otherwise running the financial operations of AKAM.

16. At all times relevant herein, defendant Berenson has been an "employer" pursuant to FLSA, 29 U.S.C. § 203(d) and the regulations thereunder, 29 C.F.R. § 791.2, as well as the NYLL § 2 and the regulations thereunder. Specifically, defendant Berenson participated in the day- to-day operations of AKAM and acted willfully and intentionally in the direction and control of plaintiff.

17. At all times relevant herein, defendant Rogoff has been an "employer" pursuant to FLSA, 29 U.S.C. § 203(d) and the regulations thereunder, 29 C.F.R. § 791.2, as well as the NYLL § 2 and the regulations thereunder. Specifically, defendant Rogoff participated in the day- to-day operations of AKAM and acted willfully and intentionally in the direction and control of plaintiff.

18. At all times relevant herein, defendants have been employers engaged in interstate commerce and/or production of goods for commerce, within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a).

19. At all times relevant, plaintiff was employed by defendants within the meaning of NYLL §§ 2 and 651.

20. Upon information and belief, defendants have used goods and materials produced in interstate commerce, and have employed two or more individuals who handled these goods and materials.

21. Upon information and belief, at all times relevant, defendants have had annual gross revenues in excess of $500,000.00.

22. At all times relevant herein, the individual defendants performed the activities described in this Complaint for the purpose of operating a business for profit.

## PLAINTIFF'S FLSA ALLEGATIONS

23. Plaintiff brings her first cause of action pursuant to 29 U.S.C. §§ 201 *et seq.* for the period he was employed by defendants between November 2010 and on or about March 31, 2016.

24. Defendants committed the acts alleged in this complaint knowingly, intentionally and willfully, and knew that violations of the FLSA would economically injure plaintiff.

25. Plaintiff regularly worked in excess of forty (40) hours per workweek.

26. Defendants unlawfully failed to pay plaintiff at the overtime rate as provided by the FLSA for all hours in excess of forty (40) in a workweek.

4

## PLAINTIFF'S NYLL ALLEGATIONS

27. Plaintiff brings her second, third, fourth and fifth causes of action pursuant to NYLL §§ 650 *et seq.* and 190 *et seq.* for the period she was employed by defendants since in or about November 2010 and on or about March 31, 2016.

28. Defendants committed the acts alleged in this complaint knowingly, intentionally and willfully, and knew that violations of NYLL would economically injure plaintiff.

29. Plaintiff regularly worked in excess of forty (40) hours per workweek.

30. Defendants unlawfully failed to pay plaintiff at the overtime rate as provided by NYLL for all hours in excess of forty (40) in a workweek.

31. Defendants failed to provide plaintiff with a wage notice and weekly wage statements as required by NYLL.

## STATEMENT OF FACTS

**Defendant Berenson:**

32. At all times relevant, defendant Berenson has been in the President of AKAM.

33. Upon information and belief, defendant Berenson currently operates and manages AKAM, located at 260 Madison Avenue, 12th Floor, New York, New York 10016.

34. Upon information and belief, at all times relevant herein, defendant Berenson exercised operational control over all aspects of the day-to-day functions of AKAM, including: (i) the operational enterprise, including actively managing, supervising and directing the business operations; (ii) the terms of employment of plaintiff; (iii) the hiring and firing of employees, including plaintiff; (iv) the employee work schedules, including plaintiff's; (v) the rate and method of employee payment, including plaintiff; and (vi) maintaining employment records.

35. Upon information and belief, at all times relevant herein, defendant Berenson had the power to act directly and indirectly in corporate defendant's interest in relation to its employees, including plaintiff.

**Defendant Rogoff:**

36. At all times relevant, defendant Rogoff has been in the Vice President of AKAM.

37. Upon information and belief, defendant Rogoff currently operates and manages AKAM, located at 260 Madison Avenue, 12th Floor, New York, New York 10016.

38. Upon information and belief, at all times relevant herein, defendant Rogoff exercised operational control over all aspects of the day-to-day functions of AKAM's finances, including: (i) the operational enterprise, including actively managing, supervising and directing the business operations; (ii) the terms of employment of plaintiff; (iii) the hiring and firing of employees, including plaintiff; (iv) the employee work schedules, including plaintiff's; (v) the rate and method of employee payment, including plaintiff; and (vi) maintaining employment records.

39. Upon information and belief, at all times relevant herein, defendant Rogoff had the power to act directly and indirectly in corporate defendant's interest in relation to its employees, including plaintiff.

**Plaintiff's Work for Defendants:**

40. Between on or about November 2010 and on or about March 31, 2016, plaintiff was employed by defendants at their premises located at 260 Madison Avenue, 12th Floor, New York, New York 10016.

41. While employed for defendants, plaintiff performed payroll functions.

42. Plaintiff's job was merely clerical in nature and responsibility.

43. Plaintiff's primary duties did not include the exercise of discretion and independent judgment with respect to matters of significance.

44. Plaintiff did not supervise any employees.

45. Between November 2010 and March 31, 2016, plaintiff worked Mondays through Fridays from 8:00 a.m. to 6:00 p.m., and at least five (5) additional hours during the evenings, for a total of 55 hours per week.

46. During this period, plaintiff was compensated initially at the rate of $75,000 per year and then obtained raises up to a final salary of $90,000 per year.

47. Throughout plaintiff s employment, she was not compensated at a rate of time-and-one-half his regular hourly rate for hours worked in excess of forty (40) hours per week, as mandated by the FLSA and NYLL.

48. At no point during her employment was plaintiff provided with accurate wage statements with her wages indicating the amount of hours he worked during the week, her regular wage rate, and/or her overtime rate.

49. At no point during her employment was plaintiff provided with a wage notice indicating her regular wage rate, her overtime rate, and any deductions that would be taken from her wages.

**Defendants' Unlawful Corporate Policies:**

50. Upon information and belief, including information provided by plaintiff, defendants have maintained the same pay policies throughout the relevant period.

51. Defendants did not maintain any formal timekeeping system in order to accurately record the number of hours that plaintiff worked each week. As such, plaintiff has not been paid overtime premiums for hours worked in excess of forty (40) in a given week.

52. Upon information and belief, throughout the relevant period, defendants have failed to post or keep posted notices explaining the overtime pay rights provided by the FLSA and NYLL.

53. Plaintiff was paid pursuant to the corporate policies of defendants, including failing to pay overtime premiums.

54. Upon information and belief, throughout the relevant period, defendants have failed to maintain accurate .and sufficient time and payroll records or provide such records to employees, including plaintiff.

## FIRST CAUSE OF ACTION

### FLSA Overtime Claim, 29 U.S.C. §§201 *et seq.*

55. Plaintiff repeats, realleges and incorporates each and every preceding paragraph as if set forth fully herein.

56. By failing to pay plaintiff the overtime premium rate for all hours worked over forty (40) in a workweek, defendants have violated the FLSA, 29 U.S.C. §§ 201 *et seq.,* including 29 U.S.C. §§ 207 and 215(a)(2).

57. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

58. Plaintiff seeks and is entitled to recover her unpaid overtime wage compensation, liquidated damages as provided by the FLSA, attorneys' fees and costs, and disbursements of the action pursuant to 29 U.S.C. § 216(b), together with such other relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION

### New York State Overtime Claim, NYLL §§ 650 *et seq.*

59. Plaintiff repeats, realleges and incorporates each and every preceding paragraph as if set forth fully herein.

60. In light of defendants' unlawful failure to pay overtime wages, plaintiff seeks and is entitled to recover unpaid compensation, damages pursuant to NYLL, attorneys' fees, costs, pre- and post-judgment interest, together with such other relief as this Court deems just and proper.

## THIRD CAUSE OF ACTION

### Notice Requirement, NYLL § 195(3)

61. Plaintiff repeats, reiterates, and incorporates each and every preceding paragraph as if set forth fully herein.

62. In light of defendants' unlawful failure to provide a wage notices, plaintiff has been damaged in an amount as yet determined, plus liquidated damages.

## FOURTH CAUSE OF ACTION

### Recordkeeping Requirements, NYLL § 195(1)

63. Plaintiff repeats, reiterates, and incorporates each and every preceding paragraph as if set forth fully herein.

64. In light of defendants' unlawful failure to provide accurate wage records with their employees' regular wages, plaintiff has been damaged in an amount as yet determined, plus liquidated damages.

## RELIEF SOUGHT

**WHEREFORE,** plaintiff requests relief as follows:

a.  An order declaring that defendants violated the FLSA;

b.  An order declaring that defendants violated the NYLL;

c.  An order declaring that defendants' violations of the FLSA and NYLL were willful;

d.  An award of overtime compensation under the FLSA and NYLL;

e.  An award of compensatory damages for failure to pay overtime wages pursuant to the FLSA and NYLL;

f.  An award of damages under NYLL for defendants' failure to provide a wage notice to plaintiff;

g.  An award of damages under NYLL "for defendants' failure to provide weekly wage statements with plaintiff's wages;

h.  An award of liquidated and punitive damages pursuant to the FLSA and NYLL;

i.  All penalties available under the applicable laws;

j.  Attorneys' fees pursuant to 29 U.S.C. § 216, NYLL § 663 and all other statutes;

k.  Pre-judgment and post-judgment interest as provided by law; and

l.  Such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Commission demands a trial by jury in this action of all issues so triable.

Dated: June 6, 2016
       Glen Cove, New York

THE LAW FIRM OF ADAM C. WEISS, PLLC

_____
Adam C. Weiss
3 School Street, Suite 303
Glen Cove, New York 11542
(516) 277-2323 (tel)
(516) 759-2556 (fax)
Email: adam@acweisslaw.com

*Attorneys for Plaintiff*