## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Agreement and General Release (the "Agreement") is entered into between HOLLIE SEHRING ("Plaintiff") and AKAM ASSOCIATES, INC., ("Defendant").

**WHEREAS**, Plaintiff has commenced legal action (SDNY, 16-CV-04290) asserting various claims against Defendant and others (the "Action");

**WHEREAS**, Defendant has denied Plaintiff's material allegations in the Action and asserted various defenses;

**WHEREAS**, Plaintiff and Defendant have agreed to finally and fully settle claims that were or could have been asserted against the other upon the terms and conditions set forth herein;

**NOW THEREFORE**, in consideration of the mutual promises and covenants contained herein, it is agreed as follows:

1. Conclusion of Employment. Plaintiff's employment with Defendant is permanently concluded. No salary, severance pay, benefits, vacation pay, sick pay or other payments or additional monies beyond the sums identified as the Settlement Sum in Paragraph 3 will be made by Defendant to Plaintiff and the parties agree that no salary, benefits, or other payments beyond the Settlement Sum are owing.

2. Releases.

   (A) By Plaintiff: In consideration of the promises and undertakings set forth in this Agreement, Plaintiff hereby unconditionally and irrevocably releases, waives, discharges and gives up any and all Claims (as defined below) that Plaintiff has or may have against Defendant, its past and present successors, assigns, affiliated entities, and their respective past and present owners, directors, officers, agents, managers, employees, insurers, and attorneys, included, but not limited to all named defendants in the Action (together "Defendant Releasees"). "Claims" means any past and present matters, claims, demands, causes of action, and appeals of any kind--whether at common law, pursuant to statute, ordinance or regulation, and whether arising under federal, state, local or other applicable law--that concern or relate to minimum wage and/or overtime pay, wage payments, failure to pay for all hours worked, failure to provide wage statements and/or wage notices, failure to keep appropriate timekeeping and payroll records, or otherwise arise out of or relate to the facts, acts, transactions, occurrence, events or omissions alleged in the Action or which could have been alleged in the Action ("Released Claims"). The Released Claims include, without limitation, claims under the Fair Labor Standards Act, the New York Minimum Wage Act, New York Labor Law §§ 650 et seq., the New York Wage Payment Act,

New York Labor Law §§ 190 et seq., the New York Department of Labor regulations, 12 N.Y.C.R.R. part 142, and all other statutes and regulations related to the foregoing.

(B) <u>Limitations on Releases.</u> Nothing in this Paragraph 2 is intended to, or shall, interfere with Plaintiff's right to file a charge with, or participate in a proceeding before, any federal, state or local agency responsible for enforcing discrimination laws. Plaintiff shall not, however, be entitled to any monetary relief arising from or relating to any such charge or proceeding, regardless of how the matter was initiated.

3. <u>Payments and Benefits.</u> Defendant shall pay Plaintiff a gross settlement sum of **$15,400.00** ("Settlement Sum"). Payment shall be delivered to Plaintiff's counsel, as attorneys for Plaintiff within fourteen (14) days after the later of Plaintiff's execution and delivery of the Agreement or judicial approval of the Agreement. Payment shall be made by two separate checks, allocated as follows:

One (1) check made out to "Hollie Sehring," for a sum of Five Thousand Dollars ($5,000.00), less lawful withholdings, representing lost wages.

One (1) check made out to "Hollie Sehring," for a sum of Five Thousand Dollars ($5,000.00), representing liquidated damages.

One (1) check made out to "The Law Firm of Adam Weiss, as attorneys," for a sum of Five Thousand Four Hundred Dollars ($5,400.00), representing attorneys' fees and costs.

4. <u>Dismissal of the Action.</u> Simultaneous with the execution of this Agreement, Plaintiff shall execute and deliver to Defendant a Stipulation of Dismissal discontinuing the Action in its entirety, with prejudice, and with each side bearing its own fees and costs. Defendant's counsel shall hold the fully-executed stipulation in escrow and shall file after delivery of the checks referenced in Paragraph 3.

5. <u>Tax Liability.</u> Plaintiff shall be solely responsible for paying any federal, state or local taxes which may be due from Plaintiff as a result of the payments made pursuant to Paragraph 3 of this Agreement. Plaintiff shall indemnify and hold Defendant harmless against any and all tax liabilities, claims, damages, and costs, including reasonable attorneys' fees, that Defendant may incur as a result of (a) Plaintiff's failure to pay taxes of the sum set forth in Paragraph 3, or (b) any administrative or judicial determination that part or all of the gross settlement sum set forth in Paragraph 3 constitutes reportable wages. Plaintiff shall bear no responsibility for any the failure of Defendant to make any employers' contributions to payroll taxes.

6. <u>Severability</u>. If any term, provision, covenant or restriction contained in this Agreement, or any part thereof, is held by a court of competent jurisdiction, or any foreign, federal, state, county or local government or any other governmental regulatory or administrative agency or authority or arbitration panel, to be invalid, void or unenforceable or against public policy for any reason, the remainder of the terms, provisions, covenants and restrictions in this Agreement shall remain in full force and effect.

7. <u>Governing Law</u>. This Agreement shall be governed by and enforced in accordance with the laws of the State of New York without regard to its conflicts of law principles. Plaintiff and Defendant (i) agree that any lawsuit, proceeding or action with respect to this Agreement may be brought only in a federal or state court within the State of New York, (ii) accept unconditionally, the exclusive jurisdiction of such courts, and (iii) irrevocably waive any objection, including, without limitation, any objection to the laying of venue based on the grounds of <u>forum non conveniens</u>, which Plaintiff and Defendant may now or hereafter have to the bringing of any lawsuit, proceeding or action in those jurisdictions.

8. <u>Headings</u>. The headings in this Agreement are included for convenience of reference only and shall not affect the interpretation of this Agreement.

9. <u>Counterparts</u>. This Agreement may be executed and delivered with facsimile or electronic signature and in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

10. <u>No Other Assurances</u>. Plaintiff acknowledges that in deciding to sign this Agreement Plaintiff has not relied on any promises or commitments, whether spoken or in writing, made to Plaintiff by any person, except for what is expressly stated in this Agreement. This Agreement constitutes the entire understanding and agreement between Plaintiff and Defendant.

11. <u>Opportunity For Review; OWBPA</u>. Plaintiff represents and warrants that Plaintiff: (i) had at least twenty-one (21) days to consider this Agreement; (ii) read this Agreement; (iii) understands all the terms and conditions hereof; (iv) is not incompetent or had a guardian, conservator or trustee appointed for Plaintiff; (v) has voluntarily entered into this Agreement of Plaintiff's own free will and volition, without any coercion or duress; (vi) has duly executed and delivered this Agreement; (vii) has been specifically advised to consult with legal counsel of Plaintiff's choice and has done so; and (viii) understands that this Agreement is valid, binding and enforceable against the parties hereto in accordance with its terms. This Agreement is intended to comply with the Older Worker Benefits Protection Act. The Agreement specifically covers claims under the Age Discrimination in Employment Act. Plaintiff may revoke within seven (7) days of signing this Agreement by delivering written notice of revocation to Defendant' undersigned Counsel.

12. <u>No Admissions</u>. This Agreement shall not be construed as an admission of fact or liability by any party. This Agreement compromises disputed claims. This Agreement and its contents shall not be admissible in any proceeding as evidence of any fact or conclusion, except only that this Agreement may be introduced in a proceeding arising from a breach of the Agreement.

13. <u>Modification.</u> This Agreement may only be modified, altered or changed in writing, signed by the Parties.

14. <u>Signatories' Representations</u>. The individuals affixing their signatures to this Agreement represent and warrant that they have the authority to enter into this Agreement on their own behalf and/or on behalf of the entities they represent.

Agreed to and accepted by, on this 29th day of December, 2016

_____
HOLLIE SEHRING

Agreed to and accepted by, on this 29th day of December, 2016

AKAM ASSOCIATES, INC.

By: _____
Name: Michael Berenson
Title: President

4